UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARSHALL A. KHAN,<br><br>                Plaintiff,<br><br>v.<br><br>ACE CAB, INC.,<br><br>                Defendant. | Case No. 2:12-cv-01125-APG-NJK<br><br>**ORDER DISMISSING CASE** |

## I.  BACKGROUND

On June 27, 2012, Marshall A. Khan ("Khan") filed a Complaint against Ace Cab, Inc. ("Ace Cab"). (Dkt. No. 1, the "Complaint.") Khan alleged that while he was employed by Ace Cab, it discriminated against him on the bases of religion, age, race, and disability, and then fired him in retaliation for raising concerns about the alleged discrimination. He pled various claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.

On November 28, 2012, Ace Cab moved to dismiss under Rule 12(b)(6). (Dkt. No. 7.) Ace Cab argues first that the Complaint failed to meet the Rule 8 pleading standard set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Ace Cab also argues that Khan failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") prior to filing the Complaint.

On January 9, 2013, Khan both responded to the motion to dismiss and moved for leave to amend, attaching a proposed amended complaint (the "PAC"). (Dkt. Nos. 14, 15.) Khan asserts that the PAC cures the deficiencies noted in the motion to dismiss. On January 22, Ace Cab filed

both a reply concerning the motion to dismiss and a response to Khan's motion for leave to amend. (Dkt. Nos. 17, 18.) The arguments therein are essentially the same—that the PAC still fails to comply with *Iqbal* and *Twombly* and Khan has failed to exhaust his administrative remedies with the EEOC. Khan did not file a reply brief concerning his motion for leave to amend.

## II. ANALYSIS

In relevant part, Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." District courts should apply Rule 15's policy favoring amendments with "extreme liberality." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Nonetheless, leave to amend may be denied on the sole basis that the "proffered amendments would be nothing more than an exercise in futility." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). One example of such futility is if the amended complaint provides no basis for subject matter jurisdiction. *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998).

Administrative exhaustion is a jurisdictional prerequisite to filing a Title VII claim in federal court. *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). In other words, this Court does not have subject matter jurisdiction over a Title VII claim unless the plaintiff first exhausts his remedies with the EEOC. *Id.*

> A person seeking relief under Title VII must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if . . . the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC must "notify the person aggrieved" that she can file suit. *Id.* § 2000e–5(f)(1). The notice is accomplished through a right-to-sue letter. Once a person receives an EEOC right-to-sue letter, she has 90 days to file suit. *Id.* § 2000e–5(f)(1).

*Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008).

Both the Complaint and the PAC fail to allege that Khan filed a charge with the EEOC or that the EEOC issued a right-to-sue letter. Thus, this Court lacks subject matter jurisdiction over Khan's Title VII claims. Consequently, allowing Khan to amend his Complaint as he proposes

(i.e., with the PAC) would be futile, so the Court denies Khan's motion for leave to amend. Because the Complaint also fails to allege that Khan exhausted his administrative remedies, it must be dismissed without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction. The court does not reach the issue of whether the PAC satisfies the Rule 8 pleading standard under *Iqbal* and *Twombly*.

### III.   CONCLUSION

Accordingly, the court hereby ORDERS:

1. Khan's motion for leave to amend (Dkt. No. 15) is DENIED.
2. Ace Cab's motion to dismiss (Dkt. No. 7) is GRANTED without prejudice.

Dated: August 8, 2013

---
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3