UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARSHALL A. KHAN,<br><br>      Plaintiff,<br><br>v.<br><br>ACE CAB, INC.,<br><br>      Defendant. | Case No. 2:12-cv-01125-APG-NJK<br><br>**ORDER REINSTATING CASE** |

  On August 8, 2012, the Court entered its Order [Dkt. #29] granting Defendant Ace Cab, Inc.'s ("Ace Cab") motion to dismiss under Rule 12(b)(6), and dismissing this case without prejudice. That Order states that "[b]oth the Complaint and the [Proposed Amended Complaint] fail to allege that [Plaintiff Marshall A. Khan ("Khan")] filed a charge with the EEOC or that the EEOC issued a right-to-sue letter. Thus, this Court lacks subject matter jurisdiction over Khan's Title VII claims."

  Khan subsequently filed a Motion for Reconsideration [Dkt. #31] alleging that he had, in fact, obtained an EEOC right-so-sue letter, that Khan's prior counsel failed to point that out to the Court, and that Ace Cab knew this all along because it had received a copy of the EEOC letter. Khan attached to the Motion for Reconsideration a proposed Amended Complaint that includes new claims for relief. Ace Cab contends that reconsideration should not be granted because Khan's former counsel's failings do not rise to the level of gross negligence, and that Ace Cab would suffer prejudice if this case is reinstated.

The Court's dismissal of this case (based upon the misimpression that Khan had not obtained an EEOC right-to-sue letter) was improper. Had Khan's former counsel simply pointed out that Khan had exhausted his administrative remedies, the Court might not have dismissed this case.[1] Although Ace Cab did not affirmatively misrepresent to the Court that Khan had not obtained a right-to-sue letter, its papers gave the strong impression that such was the case. Had Ace Cab not argued that this Court lacked subject matter jurisdiction when it knew such jurisdiction existed, the Court would have focused its attention on the *Iqbal/Twombly* issues that were raised in Ace Cab's original Motion to Dismiss [Dkt. #7]. Ace Cab cannot now complain about prejudice from having to defend this reinstated lawsuit (or from allegedly wasted discovery) when it contributed to creating that situation.

In its Response to Plaintiff's Motion for Reconsideration [Dkt. #32], Ace Cab objects to Khan's new Proposed First Amended Complaint on the grounds that amendment would be futile. Specifically, Ace Cab contends that Khan cannot maintain the portion of his proposed First Cause of Action that asserts disparate impact under 42 U.S.C. §1981 because such claims are not cognizable under Section 1981. Khan does not dispute this argument in his Reply, and Ace Cab is correct. Thus, Khan cannot amend his Complaint to assert such a claim. Ace Cab also contends that Khan's Second Cause of Action (asserting a claim under 42 U.S.C. §1983) is fatally defective because Ace Cab is not a "state actor." Ace Cab is correct on this point as well, and Khan cannot maintain a Section 1983 claim.

Ace Cab next argues that Khan's Fourth Cause of Action (asserting bad faith discharge) is improper for two reasons. First, Khan claims to be an at-will employee; if he is, he cannot maintain a bad faith discharge claim. Second, Ace Cab contends that, in reality, Khan's employment was governed by a Collective Bargaining Agreement, which preempts his bad faith discharge claim. Under either scenario, Khan cannot maintain a claim for bad faith discharge. Finally, Ace Cab contends that Khan's Fifth Cause of Action (asserting negligence) is likewise barred by the Collective Bargaining Agreement. However, Khan alleges that he is an at-will

---

[1] The Court did not reach the issue whether the Complaint or Proposed Amended Complaint satisfied the pleading standards under *Iqbal* and *Twombly*. [Dkt. #29 at 3:4-5.]

employee, which allegation must accept as true at this stage of the proceedings. Thus, he can maintain such a claim, and amendment of the Complaint to add this claim would not be futile. If Ace Cab later presents evidence that Khan is covered by a Collective Bargaining Agreement which bars claims for negligence, then this claim might then be dismissed. Based upon the foregoing,

**IT IS HEREBY ORDERED** that this Court's prior Order Dismissing Case [Dkt. #29] and the Clerk's Judgment [Dkt. #30] based thereon are rescinded, and the case is reinstated. Plaintiff may file his proposed First Amended Complaint, but must delete the proposed Second and Fourth Causes of Action, and must revise the First Cause of Action to delete any claims of disparate impact under 42 U.S.C. §1981.

Dated: October 4, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE