UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARSHALL KHAN, | ) | |
| Plaintiff, | ) ) | Case No. 2:12-cv-01125-APG-NJK |
| vs. | ) ) | ORDER |
| ACE CAB, INC., | ) ) | (Docket No. 54)<br>(Docket No. 55) |
| Defendant. | ) ) ) | |

Before the Court are Defendant's Motion to Dismiss and for Other Sanctions for Plaintiff's Failure to Appear for Deposition (Docket No. 54) and Defendant's Alternative Motion to Compel and for Sanctions (Docket No. 55). The Court has considered the motions, Plaintiff's response, and Defendant's replies in support of each motion. Docket Nos. 54, 55, 60, 62, 63. For the reasons discussed below, Defendant's Motion to Dismiss and for Other Sanctions is **DENIED**. Defendant's Motion to Compel and for Sanctions is **GRANTED** in part and **DENIED** in part.

I.   **BACKGROUND**

Plaintiff's deposition was set and noticed for March 19, 2014. Docket No. 55, at 2. Plaintiff appeared for this deposition, but left early. Docket No. 54-1, at 1. Despite the fact that Plaintiff failed to notify Defendant in advance that he needed to leave the deposition early, Defendant agreed to continue the remainder of Plaintiff's deposition to March 27, 2014. *Id.*, at 1, 6-7. Following the

1  withdrawal of Plaintiff's counsel on March 21, 2014, *see* Docket No. 47, Defendant agreed to continue
2  Plaintiff's deposition to April 24, 2014. Docket No. 54-1, at 2, 9-10. No deposition took place on April
3  24, 2014, however, due to settlement discussions between the parties. *Id*. Following the failure of these
4  settlement discussions, Docket 54-1, at 2, counsel for Defendant spoke to Plaintiff on April 30, 2014,
5  regarding the necessity for Plaintiff to complete his deposition, as the discovery deadline was rapidly
6  approaching.[1] Docket No. 55, at 5-6. In this conversation, counsel notified Plaintiff that he intended
7  to notice the deposition for May 13, 2014; in response, Plaintiff informed defense counsel that he was
8  not available for deposition until after June 30, 2014. *Id*., at 6. Notwithstanding this conversation, on
9  April 30, 2014, Defendant noticed Plaintiff's continued deposition for May 13, 2014. Docket No. 54-1,
10 at 12-13. Plaintiff did not appear for deposition on May 13, 2014. *Id*., at 4.

11 Based on Plaintiff's non-attendance at the May 13, 2014, deposition, Defendant asks the Court
12 (1) to dismiss Plaintiff's action pursuant to Federal Rules of Civil Procedure 37 (Docket No. 54, at 1);
13 (2) for Defendant's attorney's fees and costs incurred in preparing for the May 13, 2014, deposition (*id*.);
14 and (3) in the alternative, to compel Plaintiff to appear for the remainder of his deposition (Docket No.
15 63, at 2).

16 In response, Plaintiff requests that the Court not dismiss his complaint. *See* Docket No. 60, at
17 1. In addition, Plaintiff agrees in his Response that he must complete his deposition. *Id.*, at 2 ("[M]y
18 request to [the Court] [is] to please extend time ... I am requesting what ever time [is] needed ... so I can
19 g[e]t through the remaining deposition").

20 **II.    DISCUSSION**

21 A district court may dismiss an action if the plaintiff fails to prosecute his case, fails to comply
22 with the applicable rules of procedure, or fails to abide by a court order. Local Rule IA 4-1; Fed. R. Civ.
23 P. 16(f), 41(b); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Federal Rule of Civil
24 Procedure 37(b)(2)(A)(iii)-(v) further provides that courts may strike a complaint or dismiss an action
25 if the plaintiff fails to obey an order to provide or permit discovery. *See*, *e.g.*, *Dreith v. Nu Image, Inc.*,

---

[1] On April 30, 2014, the close of discovery was May 16, 2014. By separate order issued concurrently today, the Court has extended the close of discovery in this matter to July 30, 2014.

648 F.3d 779, 786 (9th Cir. 2011). Rule 37(d)(3) provides the same recourse if a party fails to appear for its deposition. *See, e.g.*, *Brown-Younger v. Salvation Army*, 2014 WL 314703, *2 (D. Nev. Jan. 27, 2014).

Where the sanction results in dismissal, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party. *See Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003); *see also Henry v. Gill Indus.*, 983 F.2d 943, 946 (9th Cir. 1993) ("Where the drastic sanctions of dismissal or default are imposed, ... the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith"). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Malone*, 833 F.2d at 130 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Because dismissal is the harshest available penalty, the Ninth Circuit has "long recognized that district judges have an 'obligation to warn the plaintiff that dismissal is imminent.'" *Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820, 825 (9th Cir. 1991) (*quoting Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987)).

In the current matter, Defendant has repeatedly demonstrated flexibility in rescheduling Plaintiff's continued deposition, the need for which only came about due to Plaintiff leaving his initial deposition early. Docket No. 54-1, at 1. The Court is mindful that Defendant has a right to conduct discovery - including and especially the deposition of Plaintiff - in defense of the claims that Plaintiff has advanced against Defendant in this lawsuit. Moreover, the Court is aware that the delays in concluding Plaintiff's deposition - all of which have been caused by Plaintiff - have made discovery in this case unnecessarily arduous.

Defendant requests terminal sanctions for Plaintiff's non-attendance at the deposition that Defendant noticed for May 13, 2014. Docket No. 54, at 1. In fairness to Plaintiff, however, the Court notes that Plaintiff explicitly told Defendant that he was not available for deposition until after June 30, 2014. Docket No. 55, at 6. Notwithstanding the fact that Plaintiff's stated availability for deposition was well after the discovery deadline in force at that time, the Court finds that sanctions in the form of attorney's fees and costs are therefore not appropriate here. For the same reason, the Court declines at this juncture to levy the "harshest available penalty" of dismissing Plaintiff's complaint. *Johnson*, 939 F.2d at 825. Nevertheless, the Court's patience is not unlimited; simply put, Plaintiff must allow

Defendant to take his deposition in full, or face case-terminating sanctions pursuant to the Federal Rules of Civil Procedure.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and for Other Sanctions (Docket No. 54) is **DENIED**.

Defendant's Motion to Compel and for Sanctions (Docket No. 55) is **GRANTED** in part and **DENIED** in part. Defendant's request for sanctions is denied. Defendant's motion that Plaintiff be compelled to attend the remainder of his deposition is granted. Plaintiff is **ORDERED** to meet and confer with defense counsel, no later than July 7, 2014, in order to schedule his deposition. Plaintiff is further **ORDERED** to appear at his deposition and to remain for the entire deposition. Plaintiff is warned that failure to comply with this Order will result in a recommendation to the District Judge for dismissal, pursuant to Local Rule IA 4-1 and Fed. R. Civ. P. 16(f), 37(d)(3), and 41(b).

IT IS SO ORDERED.

DATED: June 27, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge