**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARSHALL A. KHAN,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ACE CAB, INC.,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-01125-APG-NJK<br><br>**ORDER ON MOTIONS TO EXPUNGE ATTORNEY'S LIEN**<br><br>(Dkt. #61) |

　　　　Plaintiff Marshall Khan was formerly represented in this case by attorney Trevor Hatfield. Hatfield and Khan's relationship deteriorated and Hatfield withdrew his representation. (Dkt. ##47, 66.) After his withdrawal, Hatfield filed a notice of charging lien against any judgment or settlement Khan receives in this case. The purported lien is for attorney's fees Khan allegedly owes to Hatfield—including $1,000.99 in liquidated fees and a 20% contingency fee. (*Id*.) Hatfield appears to have properly served notice of the lien as required by Nevada Revised Statute § 18.015. (*See* Dkt. #57.) Even though Hatfield withdrew from his representation, he may still assert an attorney's lien. *See Hoff v. Walters*, No. 57759, 2013 WL 5743654, at *1 (Nev. Oct. 17, 2013) ("Accordingly, in this case, respondents' right to assert a charging lien is not foreclosed by the fact that they either withdrew or were discharged by appellants.").

　　　　Khan now moves to expunge Hatfield's lien. (Dkt. #61.) Khan argues the lien is invalid because there are disputes about what fees he owes Hatfield. Khan alleges, for example, that Hatfield misrepresented the number of hours he would bill for deposition preparation. But a dispute about what fees are owed is not grounds to dismiss Hatfield's charging lien at this time. N.R.S. § 18.015 vests Hatfield with a statutory lien on Khan's future recovery. Hatfield has merely filed a notice of his intent to execute his lien in the future if Khan recovers in this

lawsuit—the lien is not yet enforceable. *Schuck v. Signature Flight Support of Nevada, Inc.,* 245 P.3d 542, 546 (2010) (overturning lower court for reducing an attorney lien to judgment prior to the client succeeding on his claims); *see also* N.R.S. § 18.015 (stating that an attorney's lien attaches to "any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action").[1]

Khan has not provided any authority indicating an attorney's lien under N.R.S. § 18.015 can be expunged, prior to its execution, on the basis that there are disputes about what fees are owed.  Even if he had, Khan's allegations, made without supporting references to evidence or law, are insufficient. *See* L.R. 7-2.

Importantly, Khan will be able challenge the enforceability of the lien and whether Hatfield's fees are reasonable if Hatfield ever moves to execute his lien. "In cases involving contingency fee agreements, attorneys are permitted to assert a charging lien upon the occurrence of the contingency and *recover a reasonable amount* in quantum meruit for services rendered before their withdrawal or discharge." *Hoff*, No. 57759, 2013 WL 5743654, at *1 (emphasis added); *Schuck*, 245 P.3d at 546 (overturning lower court's reduction to judgment of attorney lien because there were outstanding disputes over whether attorney's fees were owed); *Michel v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 117 Nev. 145, 151, 17 P.3d 1003, 1007 (2001) ("Once the funds have been submitted for judicial distribution, in order to enforce the attorney

---

[1] Khan does not argue that Hatfield's lien is improper under § 18.015, Nevada's attorney lien statute.

lien under NRS 18.015, the court must make certain findings and conclusions before distribution . . . [including] calculat[ing] the amount the attorney is due.").

If Khan succeeds on his claims and Hatfield moves to enforce his lien against Khan's recovery, Khan may then challenge Hatfield's lien and fees.  Also, Khan should not be afraid that Hatfield will enforce this charging lien against Khan's home, vehicles, or other effects.[2] Hatfield's charging lien attaches only to Khan's recovery, if any, in this lawsuit.  The lien will not attach to Khan's other assets.

I. **CONCLUSION**

Plaintiff Marshall Khan's motion to expunge attorney's lien (Dkt. #61) is DENIED.

DATED this 26th day of February, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] Khan's motion expresses concern about these matters.