**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARSHALL A. KHAN,
          Plaintiff,

  v.

ACE CAB, INC.,

          Defendant.

Case No. 2:12-cv-01125-APG-NJK

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

(Dkt. #73)

Plaintiff Marshall Khan drove a taxi for defendant Ace Cab, Inc. until Ace fired him in 2011. Khan believes he was fired either because of his protected characteristics (his race, religion or natural origin) or because he filed a worker's compensation claim. So he filed this lawsuit asserting causes of action for (1) Title VII discrimination, (2) tortious discharge based on a worker's compensation claim, (3) negligent supervision and training, and (4) declaratory relief that Ace breached a collective bargaining agreement. Ace seeks summary judgment on all of these claims.

Khan has provided evidence creating a triable issue as to his Title VII discrimination claim. He has submitted evidence that his supervisor made derogatory racial and religious comments and, shortly thereafter, recommended that Ace fire Khan. A reasonable jury could find that Ace's termination of Khan was at least partially motivated by discrimination—and that is all that is required to prove a discrimination claim under Title VII. Ace is therefore not entitled to summary judgment on the Title VII claim.

But Khan has failed to create triable issues regarding his other claims. Even assuming he could bring a tortious discharge claim, Khan has not provided sufficient evidence to create a triable issue as to whether Ace's sole proximate reason for firing him was his worker's

compensation claim—and this is the standard he must meet under Nevada law. Khan filed the claim long before he was terminated, and there is scant evidence that Ace's termination decision was somehow influenced by Khan's claim. As to the negligence and declaratory relief claims, Khan has withdrawn these claims and Ace has met its summary judgment burden. Accordingly, I grant summary judgment in Ace's favor as to the tortious discharge, negligence, and declaratory relief claims.

I.   **BACKGROUND**

Ace fired Khan on October 14, 2011, asserting that Khan had turned in inaccurate "trip sheets."[1] Trip sheets are forms that drivers use to record information about their shift including details about their passengers and radio calls. Khan's employment was subject to a collective bargaining agreement ("CBA") which stated that an employee's failure to turn in accurate, legible, and complete trip sheets was grounds for termination.[2] Ace's witness testified that Khan turned in inaccurate and illegible trip sheets and that this was the reason he was terminated.[3]

Khan does not believe Ace terminated him because of his trip sheets. He avers that, in the months leading up to his termination, his supervisor at Ace ridiculed and harassed him about his religion, race, and national origin.[4] According to Khan, his supervisor saw Khan praying and admonished him not to pray in his cab, even on breaks; pointed at Khan's fanny pack in front of other employees and yelled "Look out! He's going to blow us all up"; and told Khan on many occasions, "Speak English! Speak my language."[5]

---

[1] (Dkt. #73-3.)
[2] (*Id.* at 20-26.)
[3] (*Id.* at 20-22.)
[4] (Dkt. #80 at 35.)
[5] (*Id.*)

Khan was injured on the job in March of 2009 and July of 2010.[6] Khan filed a worker's compensation claim that Ace disputed.[7] Khan had an independent medical examination in October of 2011 as part of the worker's compensation claim.[8] There is no admissible evidence indicating Ace knew of this exam or its results when it terminated Khan.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[9] For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[10]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[11] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[12] She "must produce specific evidence, through

---

[6] (*Id.* at 35-8.)

[7] (*Id.*)

[8] (*Id.*)

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[10] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[12] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[13]

A party must support or refute the assertion of a fact with admissible evidence.[14] As the summary judgment procedure is the pretrial functional equivalent of a directed-verdict motion, it requires consideration of the same caliber of evidence that would be admitted at trial.[15] Thus, it is insufficient for a litigant to merely attach a document to a summary judgment motion or opposition without affirmatively demonstrating its authenticity.

As a preliminary note, Khan attaches a number of documents to his opposition. Some of these documents are properly authenticated and some are not.[16] These documents contain voluminous amounts of information that Khan has not cited to in support of his arguments. In ruling on this motion, I consider only the evidence that that the parties both properly authenticated and properly cited to with particularity.[17]

## III. DISCUSSION

### A. Religious discrimination claim

Title VII of the Civil Rights Act prohibits employment discrimination on the basis of a protected status. Discrimination occurs if race, color, religion, sex, or national origin was a

---

[13] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[14] Fed. R. Civ. Proc. 56(c)(1); *Orr*, 285 F.3d at 773; *Harris v. Graham Enterprises, Inc.*, 2009 WL 648899, at *2 (D. Ariz. Mar. 10, 2009).

[15] *Anderson*, 477 U.S. at 251 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

[16] For example, exhibits 13, 14, 15, and 16 to Khan's opposition are not properly authenticated, and therefore cannot be considered. *See Orr*, 285 F.3d at 784.

[17] *See Orr*, 285 F.3d at 783; *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); L.R. 56.

"motivating factor for any employment practice, even though other factors also motivated the practice."[18]  "[A] single discriminatory comment by a plaintiff's supervisor or decisionmaker is sufficient to preclude summary judgment for the employer" in a Title VII discrimination case.[19]  Where there is direct evidence of discriminatory animus, the *McDonnel Douglass* framework—which requires a *prima facie* showing of discrimination—is inapplicable.[20]

For example, in *Nguyen v. Qualcomm, Inc*, the plaintiff's sworn declaration alleged that her supervisor made discriminatory comments such as: "You are a woman Vietnamese, you have to listen to me. Don't complain [sic] anything, just come to work and finish your project."[21]  The Ninth Circuit held this testimony constituted direct evidence of discriminatory animus and created "a genuine issue of material fact on whether Nguyen's gender and Vietnamese national origin were motivating factors in her termination."[22]

Making all inferences in his favor, Khan has submitted evidence creating a triable issue as to whether his race, religion, or national origin was a motivating factor for his termination.  For instance, Khan has submitted evidence that his supervisor saw him praying and admonished him

---

[18] Title VII, § 703(m), 42 U.S.C. § 2000e–2(m).

[19] *Dominguez–Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1039 (9th Cir.2005); *see also Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1094–95 (9th Cir.2005); *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1221 (9th Cir.1998) ("When the plaintiff offers direct evidence of discriminatory motive, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial.").

[20] *Nguyen v. Qualcomm, Inc.,* 501 F. App'x 691, 693-94 (9th Cir. 2012); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) ("[T]he McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination.").

[21] *Nguyen,* 501 F. App'x at 693.

[22] *Id.* (citations omitted).

not to pray in his cab even on his breaks;[23] that his supervisor pointed at Khan's fanny pack in front of other employees and yelled out "Look out! He's going to blow us all up"; and that his supervisor said on many occasions, "Speak English! Speak my language."[24]  Because Khan's statements relate to events he witnessed and comments made in his presence, they are properly based on personal knowledge.[25]

Ace argues Khan has not created a triable issue because his supporting evidence largely consists of "uncorroborated" and "self-serving" testimony.  But whether affidavits and testimony are self-serving does not implicate whether they are admissible.[26]  Self-serving, uncorroborated affidavits—based on personal knowledge—can be admissible evidence and can defeat a motion for summary judgment.[27]  Indeed, defendants attempt to meet their burden to establish a lack of genuine dispute by relying in part on the supervisor's self-serving, uncorroborated testimony that he never said anything offensive to Khan.[28]

---

[23] Ace disputes this fact, but Khan's declaration states that his supervisor told Khan that he saw him praying in his cab.  And the supervisor's statement appears to be a party admission and therefore admissible.

[24] (Dkt. #80 at 35.)

[25] Ace argues that Khan's statements contradict former testimony but it fails to specifically point out these contradictions.

[26] *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir.1999) (noting that affidavits are often self-serving, and "properly so"); *S.E.C. v. Phan,* 500 F.3d 895, 909 (9th Cir.2007) ("[D]eclarations oftentimes will be self-serving—[a]nd properly so, because otherwise there would be no point in [a party] submitting [them].") (citations omitted); *Mizzoni v. Nevada ex rel. Nevada Dep't of Corr.,* No. 3:11-CV-00186-LRH, 2014 WL 4162252, at *6 (D. Nev. Aug. 20, 2014).

[27] *Id.*

[28] Ace also mentions that some of Khan's statements are contradictory, but it does not point out how the relevant statements, such as his supervisor making derogatory comments, have been contradicted.

Because there are triable issues as to whether Khan's supervisor terminated him, in part, because of a protected characteristic, I deny summary judgment on the Title VII discrimination claim.

### B. Tortious discharge claim

An employer may be liable for tortious discharge if it terminates an employee for reasons that violate public policy.[29] Nevada has recognized that terminating an employee in retaliation for filing a worker's compensation claim violates public policy.[30] "[R]ecovery for retaliatory discharge under state law may not be had upon a 'mixed motive' theory; thus, a plaintiff must demonstrate that his protected conduct was the proximate cause of the injury."[31]

Ace argues for summary judgment on the tortious discharge claim under two theories: (1) that a tortious discharge claim is barred as a matter of law in this case, and (2) that Khan has not created a triable issue of fact as to the elements of this claim.

Khan's tortious discharge claim does not appear to be barred as a matter of law.[32] But

---

[29] *D'Angelo v. Gardner*, 107 Nev. 704, 819 P.2d 206, 212 (Nev.1991).

[30] *Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (Nev.1984).

[31] *Allum v. Valley Bank of Nevada*, 114 Nev. 1313, 1319-20, 970 P.2d 1062, 1066 (1998); *see also Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (1984) (expressly permitting retaliatory discharge claim if an employer terminates an employee for filing a worker's compensation claim).

[32] Ace argues (1) that Section 301 of the Labor Management Relations Act (LMRA) preempts the claim, and (2) that tortious discharge claims are only permitted in Nevada when an a person is employed "at will." But Section 301 does not preempt state claims that arise independent of the CBA. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Schrader v. Noll Mfg. Co.,* 91 F. App'x 553, 555 (9th Cir. 2004) (holding that Section 301 does not generally "shield an employer from substantive duties that the state might impose"); *see also Galdamez v. Metro Serv. S., Inc.,* No. CV 12-10934 DDP RZX, 2013 WL 1247538, at *2 (C.D. Cal. Mar. 26, 2013) (finding no preemption of sexual harassment claim because plaintiff has right to be free of sexual harassment regardless of the terms of the CBA). Additionally, *Abbas v. Lucky Cab Co.,* 281 P.3d 1147 (Nev. 2009) foreclosures Ace's second argument: "A tortious discharge may *arise regardless of an employee's at-will status*. . . ." *Id.* (emphasis added).

even assuming he could bring the claim, he has failed to create a genuine dispute of material fact. Ace has provided evidence showing that Khan violated Ace's rules regarding trip sheets. Khan's employment agreement allowed for termination if an employee fails to maintain and turn in legible, accurate, and complete trip sheets. Ace has submitted evidence that Khan turned in inaccurate and illegible trip sheets and that this is why it terminated him.[33] Even if Ace also terminated Khan for filing a worker's compensation, a mixed motive is not enough.[34]

Similarly, even if Ace had not submitted evidence of other motives to terminate Khan, Khan has not created a triable issue as to whether his worker's compensation claim was the sole proximate motive behind his termination. Khan argues there is a genuine issue of fact because Ace disputed his worker's compensation claim and because Khan had a medical examination shortly before his termination.[35] But no rational jury could find that Khan's worker's compensation claim was the sole proximate cause of his termination based only on these facts. Ace continued to employ Kahn for years after his initial injury and claim. And there is no

---

[33] (Dkt. #73-3 at 20-22.) Khan's declaration disputes Ace's evidence regarding whether Khan turned in inaccurate trip sheets and whether Ace terminated other employees for filing inaccurate trip sheets. But Khan's declaration on these points contradicts his deposition testimony. For example, Kahn testified at his deposition that he was not aware of anyone turning in copies of trip sheets, but his declaration contradicts this position.

[34] *See Richard v. Carson Tahoe Reg'l Healthcare*, No. 3:12-CV-00423-MMD, 2014 WL 775259, at *4 (D. Nev. Feb. 25, 2014) (granting summary judgment against plaintiff on tortious discharge because defendant submitted evidence that plaintiff has violated rules related to time reporting).

[35] Khan also makes a number of other arguments such as that examinations are expensive, the medical provider was biased against Khan, and the medical provider secretly communicated with Ace. Because these arguments are not based on admissible evidence, I do not consider them.

admissible evidence in the record indicating Ace knew of the examination or its results—and thus no way for a jury to find this examination influenced Ace to fire Khan.

### C. Negligence and declaratory relief claims

Khan has expressly withdrawn his negligence and declaratory relief claims. Nevertheless, Ace is entitled to summary judgment on those claims.

Khan's negligence claim alleges that Ace failed to properly train and supervise employees regarding discrimination. Khan's negligence claims appear to be barred both by Title VII and Section 301 of the LMRA. Additionally, the record is void of admissible evidence regarding whether Ace adequately trained or supervised employees.

Khan's declaratory relief claim concerns an alleged breach of the CBA. Section 301 of the LMRA preempts claims related to breach of a CBA.[36] The only exception is if a plaintiff alleges that his union breaches its duty to represent—which Khan has not alleged.

Because Ace has met its burden to establish a lack of triable issues as to the negligence and declaratory claims, and because Khan does not oppose, I grant summary judgment on these claims.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Dkt. #73) is GRANTED in part and DENIED in part:

1. Summary judgment is granted in defendant's favor as to the second cause of action for retaliatory discharge, third cause of action for negligence, and fourth cause of action for declaratory relief.

////

////

---

[36] *Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1407-08 (9th Cir. 1991).

    2. Summary judgment is denied as to the first cause of action for discrimination under Title VII.

DATED this 9th day of March, 2015.

                                                           ANDREW P. GORDON
                                                           UNITED STATES DISTRICT JUDGE